## LINE LEXINGTON INSURANCE CO. VS. EASTBURN.

An insurance of farm products generally does not require them to be on one particular farm.

Error to Common Pleas of Bucks County.   No. 162, January Term, 1883.

The facts appear in the following extracts from the charge of the Court, per

WATSON P. J.

This suit is brought by the plaintiff to recover a sum of money claimed to be due him from the defendant on a contract

of insurance. The defendant admits the execution of the contract. A copy of it has been given in evidence. It is dated November 18, 1865. It insures $1,575 upon certain personal property of the plaintiff, enumerated and described therein. The first item is "Agricultural products generally, valued at $1,000." The second is "Farm implements generally, valued at $250." There are other items mentioned as insured, but there is no claim for any loss upon them. The claim is only for loss upon the property embraced in the first and second items of the description.

It appears clearly from the undisputed testimony, that at the time the insurance was effected, Mr. Eastburn occupied a farm in Falls township under a lease from his father; that he continued io reside there for some time afterwards, when he removed to another farm also belonging to his father in Lower Makefield township. After he moved there he rented an adjoining farm, belonging to Isaac Brown, under a written lease, dated February 19, 1878, for the term of one year from the first of April then next ensuing. He went into possession of this farm under this lease. In the following month of July, a fire occurred in the barn upon this farm by which the barn and the personal property in it were consumed. Among the property destroyed were a quantity of wheat in the sheaf, testified to amount to 150 bushels, about 20 bushels of threshed wheat screenings, 34 tons of hay, a horse power and threshing machine, and some other minor articles. These minor articles belonged to the plaintiff at the time the policy was issued, and were removed by him from the farm he occupied in Falls to the farm which he rented of his father in Lower Makefield, and afterwards from there to the farm he rented of Brown.

Ater the fire verbal notice of it was given to Joseph Brown, who was one of the managers and a surveyor of the company defendant. At an interview between them, soon after the loss, an enumeration of the articles which had been taken from the other farm to this one was made out, and Brown told Eastburn he had no doubt the company would pay him for the loss of them. A short time after this interview Eastburn visited Brown and made a further claim on the company for loss by the burning of hay, grain, threshed and unthreshed, and the

horse power and threshing machine, which last named articles he had bought and taken to the farm after he rented it. Brown told him he would present this claim to the company, but he didn't think it was covered by the policy, and he would vote against any allowance for it. Eastburn thereupon told him he thought he would be a bad representative, and that he would take the claim and present it himself at the meeting of the company. This interview took place on the second of August. At a meeting of the managers of the company on the fourth of August Eastburn attended and presented his claim to them. They passed a resolution to pay him for the articles embraced in his first enumeration to Brown, and drew an order on the treasurer in his favor for the amount and delivered it to him. At the same meeting they passed a resolution continuing the consideration of his claim for loss of the other property until a future meeting. At the next meeting, held in the following November, the question came up for consideration. A resolution was adopted rejecting the claim and refusing to pay it. Subsequently this suit was brought to recover the loss sustained.

These are, in brief, the prominent facts in this case. It becomes the duty of the Court to give you instructions as to the law applicable to them. These instructions you will receive as binding upon you. The testimony is entirely for you. I do not mean to say that the facts I have recounted have been proved. I speak of them as facts testified to. Whether they are established is entirely for your consideration. The written evidence is for the construction of the Court. [First, as to the policy of insurance. It is contended by the defendant that it covered only the personal property which was upon the farm where the plaintiff lived; that it was an insurance on agricultural products and farming implements on one farm only, and that the one where the insured lived. I am asked to instruct you that the loss occurring on another farm where the insured did not reside cannot be recovered under the contract; that the property on the second farm was not embraced within the terms of the policy. I cannot so instruct you.] If the company wished to restrict its liability in this manner they should have done so in the policy itself. The policy insures

agricultural products and farming implements generally. There is no *locus* fixed. It is not said where they are situated. It is not said they shall be upon one farm. We must construe the contract as it is in the writing. I repeat, if the company wished to restrict their liability to property in one particular location they should have so expressed it in the contract; and not having so expresssed it the policy insures to the protection of the insured from loss on his personal property upon the second farm as well as upon the farm where he lived. I might give you illustrations to show the propriety of this view, but it is not necessary to do so. You will take my construction of the policy as true. If I am in error, the error can be remedied hereafter.

The policy of insurance was as follows:

### POLICY OF INSURANCE.

"No. 5199.

This policy witnesseth that Cyrus Eastburn, of the township of Falls, in the County of Bucks, Pennsylvania, member of the Line Lexington Mutual Fire Insurance Company of Bucks and Montgomery Counties, for the insuring of real and personal property, from loss by fire and storm, pursuant to the charter and by-laws of said company, has deposited in the hands of the treasurer of said company the sum of $3.10 premium and insurance fee. In consideration whereof, the sum of one thousand five hundred and seventy-five dollars is hereby insured by the said company unto the said Cyrus Eastburn, his heirs, executors, administrators and assigns, on the terms, conditions and provisions in said charter and by-laws contained upon the following property, to wit:

No. 1. Agricultural products generally, valued at $1,000.

No. 2. Farming implements generally, valued at $250.

No. 3. Horses and colts, valued at $600.

No. 4. Neat cattle valued at $150.

No. 5. Horse power thresher, shaker, &c., valued at $100.

Whole amount estimated at $2,100. And in consideration of the above obligation of the said company, the said Cyrus Eastburn binds himself, his heirs, executors, administrators,

and assigns, truly and faithfully to comply with the constitution, rules, regulations and by-laws of said company.

In witness whereof, the seal of the said company is hereunto affixed, and the said Cyrus Eastburn has hereunto set his hand this eighteenth day of November, in the year of our Lord one thousand eight hundred and sixty-five."

On September 22nd, 1882, the jury rendered a verdict for the plaintiff for $380.50. The insurance company then took a writ of error complaining of the charge of the Court, holding that the insurance was not confined to agricultural implements owned by the plaintiff at the time the insurance was effected, and also to agricultural products located upon the farm upon which he resided when the fire occurred.

*G. and H. Lear, Esqs.*, for plaintiff in error, cited Wood on Fire Insurance, Section 47, pages 109, 110; Lycoming Insurance Co., vs. Updegraff, 40 Pa., 311.

*Geo. Ross and L. L. James, Esq., contra*, cited Franklin Fire Ins. Co. vs. Updegraff, 43 Pa., 350; Western Ins. Co. vs. Cropper, 32 Pa., 351; Nicolet vs. Ins. Co., 3 La. R., 371; Angell on Insurance, 148; Siter vs. Morrs, 13 Pa., 220; Hoffman vs. Insurance Co., 32 New York, 405; M'Cluer vs. Girard Fire and Marine Ins. Co., 22 Am. Rep., 249.

The Supreme Court affirmed the judgment of the Common Pleas on May 14th, 1883, in the following opinion:

Per Curiam.

This is an insurance of "agricultural products generally, valued at $1,000." No location of the products was designated, no specific kind was described. The policy deals in general terms only. The only limitation is that of value. The risk is not for any specified number of years. It is perpetual. Without any language indicating where the property is, or where it is to be kept, it would be an unusual construction to hold that its location cannot be changed. It is not the product of any one year, but of each ensuing year. It does not bind the owner thereof, whether he be the owner of the land on which it is grown, or a tenant only, to always keep the product on any one farm. The case is clearly right.

Judgment affirmed.